**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DUSTIN PATINO, individually and on behalf of all others similarly situated,**<br>    **Plaintiff,**<br><br>**v.**<br><br>**LIGHTNING OILFIELD SERVICES, INC. and MARK S. WADDELL,**<br>    **Defendants.** | **Civil Action No. 3:16-cv-1104** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Dustin Patino, individually and on behalf of all others similarly situated, files this Original Complaint and states:

### I.   NATURE OF SUIT

1. This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff worked for Defendants as safety advisor/coordinator and his primary responsibilities included performing general safety-related tasks for management, documenting accident scenes, and presenting training classes developed by others. Plaintiff routinely worked in excess of 40 hours per week but was not paid overtime for any of the hours worked in excess of 40. Instead, Plaintiff was misclassified as exempt from the FLSA and paid primarily on a salaried basis that did not provide overtime pay for these overtime hours worked.

## II.   PARTIES

2. Plaintiff Dustin Patino is an individual who resides in this Judicial District and was employed by Defendants within the meaning of the FLSA. His consent to join this lawsuit is attached as "Exhibit A."

3. The Plaintiff and Class Members are Defendants' current and former employees whose primary responsibilities included performing general safety-related tasks for management, documenting accident scenes, and presenting training classes developed by others. This includes Defendants' Safety Advisors, Safety Consultants, and individuals working under other titles performing similar duties who were also paid primarily on a salaried basis.

4. Defendant Lightning Oilfield Services, Inc. is a Texas corporation who may be served with process through its registered agent, Mark S. Waddell, wherever he may be found.

5. Defendant Mark S. Waddell is an individual who may be served with process wherever he may be found.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District and because one or more of the Parties reside in this District.

## IV.   COVERAGE

8. At all material times, Lightning Oilfield Services, Inc. and Mark S. Waddell ("Defendants") have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

12. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.    FLSA FACTUAL ALLEGATIONS

13. Defendants have had business operations in Texas and their annual gross volume of sales made or business done exceeds $500,000.00 per year.

14. Plaintiff Dustin Patino worked as a safety coordinator/advisor for Defendants within the last three years and from approximately September 15, 2015 to March 5, 2015.

15. In this capacity, Plaintiff's primary duties included performing general safety related tasks for management, documenting accident scenes, and presenting training classes developed by others. Plaintiff's job duties were routine and rote, he did not manage any

employees or have the power to hire or fire, or exercise any independent judgment in carrying out his job duties.

16. In this capacity, Plaintiff handled materials in interstate commerce.

17. Plaintiff routinely worked over 40 hours per week. In fact, he worked as many as 90 hours in weeks covered by this lawsuit. However, he was not properly paid overtime for all hours worked in excess of 40 hours every week worked. Defendants knew that Plaintiff worked in excess of 40 hours per week and allowed and directed him to do so. Plaintiff was paid a salary for this work and not paid overtime pay for excessive hours or overtime work.

18. Plaintiff is entitled to receive overtime pay for all the hours worked in excess of 40 per workweek. Defendants were aware of the FLSA's minimum wage and overtime requirements and chose not to pay Plaintiff lawfully. Consequently, Defendants willfully violated the FLSA by misclassifying Plaintiff as exempt and refusing to pay them overtime.

## VI.     COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff and Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that Class Members were other employees performing general safety related tasks for management, documenting accident scenes, and presenting training classes developed by others. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan that paid them primarily on a salaried basis and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Accordingly, Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

20. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of Class Members. Thus, Plaintiff's experience is typical of the experience of Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and Class Members.

21. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforementioned, for workweeks longer than 40 hours, without compensating such employees for their work in excess of 40 hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

23. WHEREFORE, cause having been shown, Plaintiff pray for judgment against Defendants as follows:

    a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

    b.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

    c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

    d.      For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the maximum rates allowed by law; and

    e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**
Co-Attorney in Charge
Texas Bar No. 00793380
**JAY FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
Co-Attorney in Charge
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone

                      (469) 339-0204 fax
                      www.siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

                    /s/ *J. Derek Braziel*
                    **J. DEREK BRAZIEL**